IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER McCAULEY<br><br>        Plaintiff,<br> v.<br><br>TRANS UNION LLC<br><br>        Defendant. | C.A. NO: 02 CV 4042<br><br>**TRANS UNION LLC'S REPLY TO<br>PLAINTIFF'S COUNTER-OFFER<br>OF JUDGMENT** |

Trans Union LLC ("Trans Union"), by and through its undersigned attorneys, states as follows in Reply to Plaintiff's Counter-Offer of Judgment:

**I. INTRODUCTION**

This Court's November 26, 2003 Order directed Trans Union to renew its offer of judgment, or inform the Court if it declined to renew the offer, within 7 days of that Order. On December 2, 2003, Trans Union timely renewed its offer and notified the Court.

Plaintiff submitted a "notice to Trans Union and the Court as to whether he will accept or reject the Renewed Offer of Judgment and a Counterproposal." Plaintiff's "Counterproposal" essentially constitutes a rejection of Trans Union's original and renewed Offer of Judgment. Plaintiff's counter demands Trans Union admit negligence (something Trans Union has denied throughout the litigation), and Plaintiff also demands "attorneys fees."

As set forth below, Plaintiff was offered everything to which he was legally entitled. There remains no "case or controversy" to be litigated by the Court. Plaintiff's rejection of the Offer of Judgment means that he is not entitled to any recovery. Finally, Plaintiff is not entitled to attorney's fees because the Offer was made prior to his retention of counsel. If Plaintiff is entitled to any costs, such costs are limited to non-fee costs incurred up to October 25, 2003, the date of service of the original Offer of Judgment. Accordingly, this action should be dismissed because the Court now lacks subject matter jurisdiction.

## II. ARGUMENT

### A. A Finding of Negligence, Without More, Does Not Constitute a "Successful" Prosecution of an FCRA Claim.

Plaintiff was offered everything to which he was entitled to recover. Were this action to proceed to a jury trial, the only possible "favorable" outcome for Plaintiff would be a finding that Trans Union was negligent, and an award of $240 in compensatory damages. Because of the Offer of Judgment, that verdict would not constitute "success" under the FCRA.

In Nagle v. Experian Info. Solutions, Inc., 297 F.3d 1305 (11th Cir. 2002), a consumer obtained a jury finding of negligence, but was awarded no damages. The District Court awarded attorney's fees in excess of $100,000. The Court of Appeals reversed, holding that the finding of negligence, without injury, did not constitute "success:"

> [T]o be "successful" the plaintiff must receive some relief beyond mere entry of judgment, is not only consistent with the plain meaning of the statutory language, but is also supported by our prior interpretations of the FCRA. We have previously recognized the importance attributed to damages in a FCRA cause of action by noting that failure to produce evidence of damage resulting from a FCRA violation mandates summary judgment. *Cahlin v. General Motors Acceptance Corp., 936 F.2d 1151, 1160 (11th Cir. 1991).* To allow plaintiffs to obtain attorneys fees without being awarded some other form of damages would be inconsistent with that precedent. 297 F.3d at 1305.

In Crabill v. Trans Union LLC, 259 F.3d 662 (7th Cir. 2001), an FCRA action, the Court held that the lower court's decision to grant summary judgment on negligence grounds was inappropriate because it was an issue of fact. 259 F.3d at 664. However, the Court affirmed dismissal of the action because there was no connection between the alleged harm and alleged negligence:

> [Plaintiff] has failed, however, to present evidence that any of the creditors who denied him credit after receiving a report on him and his brother from Trans Union did so because of the report on [Plaintiff's brother]. Without a causal relation between the violation

2

of the statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of "actual damages." *Id.*

The Court held that because negligent FCRA violations allow only actual (and not statutory) damages, a claim of attorney's fees is insufficient to maintain standing:

> What is true is that if no injury is alleged (or, if the allegation is contested, proved), and as a result there is no case or controversy between the parties within the meaning of Article III of the Constitution, the plaintiff cannot base standing on a claim for attorneys' fees. ***Otherwise the limitation of federal jurisdiction to cases and controversies would be empty***. 259 F.3d at 665 (internal citations omitted) (emphasis supplied).

Therefore, once Plaintiff was offered his full damages, he was barred from further "success" in this litigation because no case or controversy remains.

**B.      There Is No Case or Controversy Before this Court**

Article III of the Constitution requires that subject matter jurisdiction may not be had unless there is a "case or controversy" before the court. <u>Fox v. Board of Trustees of the State Univ.</u>, 42 F.3d 135 (2nd Cir. 1993):

> A case is moot, and accordingly the federal courts have no jurisdiction over the litigation, when "'the parties lack a legally cognizable interest in the outcome.'" <u>County of Los Angeles v. Davis</u>, 440 U.S. 625, 631, 59 L. Ed. 2d 642, 99 S. Ct. 1379 (1979) (*quoting* <u>Powell v. McCormack</u>, 395 U.S. 486, 496, 23 L. Ed. 2d 491, 89 S. Ct. 1944 (1969)); *see also* <u>North Carolina v. Rice</u>, 404 U.S. 244, 246, 30 L. Ed. 2d 413, 92 S. Ct. 402 (1971) (per curiam) ("federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them"); <u>Bragger v. Trinity Capital Enter. Corp.</u>, 30 F.3d 14, 16 (2d Cir. 1994) (same). The required legally cognizable interest has alternatively been described as a requirement that a plaintiff have a "personal stake" in the litigation. *See* <u>United States Parole Comm'n v. Geraghty</u>, 445 U.S. 388, 396, 63 L. Ed. 2d 479, 100 S. Ct. 1202 (1980); *see also* <u>Franks v. Bowman Transp. Co.</u>, 424 U.S. 747, 755, 47 L. Ed. 2d 444, 96 S. Ct. 1251 (1976); <u>Baker v. Carr</u>, 369 U.S. 186, 204, 7 L. Ed. 2d 663, 82 S. Ct. 691 (1962).

Because there is simply no injury to redress, Plaintiff has no personal stake in the litigation and this Court is without jurisdiction over the remaining claim. Plaintiff was offered the entirety of his damages claim, plus court costs. As of October 25, 2002, the date of the Offer of Judgment, Plaintiff no longer had a claim or "controversy."

Plaintiff's "Counterproposal" demands Trans Union admit liability and negligence. A legal determination of right and wrong in a vacuum, with no injury to redress, is the essence of mootness. As the Court held in Murphy v. Equifax Check Servs., Inc., 35 F. Supp. 2d 200 (D. CT 1999):

> "since class certification had been denied, and defendants had offered [plaintiff] the full amount of damages . . . to which she claimed individually to be entitled, there was no longer any case or controversy. . . . [Her] personal stake in the outcome had disappeared, and ***federal courts do not sit simply to bestow vindication in a vacuum***." 35 F.Supp.2d 203 *quoting* Zimmerman v. Bell, 800 F.2d 386, 390 (4th Cir. 1986) (emphasis supplied.)

Because Plaintiff refused his damages and now seeks nothing more than "vindication," this Court lacks jurisdiction to hear his §1681o claim.

### C. Plaintiff Is No Longer Entitled To Any Recovery

As noted above, "to be 'successful' the plaintiff must receive some relief beyond mere entry of judgment…." Nagle, *supra*. The Court in Murphy *supra* held that:

> Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate . . . and ***a plaintiff who refuses to acknowledge this loses outright***, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake. 35 F.Supp.2d at 203 (internal quotations omitted) (emphasis supplied)

*See also* Ambalu v. Rosenblatt, 194 F.R.D. 451 (E.D. NY 2000).

Plaintiff has rejected Trans Union's Offer and Renewed Offer of Judgment, which represents all to which he is entitled. Because he fails to acknowledge this, he loses outright. As such, this action should be dismissed.

**D.     Plaintiff Cannot Recover Attorney's Fees or Costs After the Offer of Judgment**

In the event this Court determines Plaintiff is entitled to $240 and costs, Plaintiff is not entitled to any attorney's fees or costs accrued subsequent to Trans Union's original offer of judgment.  The Offer of Judgment was made on October 25, 2002, prior to Plaintiff's retention of counsel. Accordingly, Plaintiff's statement that he "understands" that costs includes attorney's fees is simply erroneous and not germane.  At the time Trans Union served the offer of judgment, Plaintiff was not represented by counsel, and *pro se* parties are not entitled to attorneys' fees.  *See* Hawkins v .1115 Legal Service Care, 163 F.3d 684, 694-695 (2nd Cir.1998).

Moreover, Plaintiff was not the prevailing party on the issue of punitive damages, the only claim under which Plaintiff could have recovered more than Trans Union offered him in October 2002.  As the Supreme Court held in Hensley v. Eckerhart, 461 U.S. 424, 436, 76 L.Ed. 2d. 40, 103 S.Ct. 1933(1983):

> Where the plaintiff has failed to prevail on a claim that is distinct is all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. 103 S.Ct. 1943

*See also* Nagle and Crabill, *supra*.

Accordingly, Plaintiff would be entitled to nothing more than his "costs then accrued" as of October 25, 2002, the time the Offer of Judgment was made.  Fed.R.Civ.P. 68.  No attorneys fees would be included in this amount.

**III.    CONCLUSION**

For all the above reasons and authorities, this action should be dismissed with prejudice.

          Respectfully submitted,

          SATZBERG, TRICHON,
           KOGAN & WERTHEIMER, P.C.

          _____

          MARK E. KOGAN
          BRUCE S. LUCKMAN (BL-3461)
          TIMOTHY P. CREECH (TC-7732)

          1818 Market St., 30th Floor
          Philadelphia, PA 19103
          (215) 575-7600; Fax: (215) 575-7688

          *Counsel for Defendant,*
          *Trans Union LLC.*

DATED:      December 12, 2003